IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA STROMENGER,                      3:012-CV-00686-BR

       Plaintiff,                        OPINION AND ORDER

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

       Defendant.


**JEFFREY A. BOWERSOX**
Bowersox Law Firm, P.C.
5285 Meadows Road
Suite 320
Lake Oswego, OR 97035
(503) 452-5858

**ROBERT G. GERMANY**
Pittman, Germany, Roberts & Welsh, LLP
410 South President Street
Jackson, MS 39201
(601) 948-6200

       Attorneys for Plaintiff

**ANNE M. TALCOTT**
Schwabe Williamson & Wyatt, PC
1211 S.W. Fifth Avenue, Suite 1800
Portland, OR 97204
(503) 796-2991

1 - OPINION AND ORDER

**KATHARINE R. LATIMER**
**GREGORY SCOTT CHERNACK**
**JOHN KALAS**
Hollingsworth LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5850

        Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant Novartis

Pharmaceuticals Corporation's Bill of Costs (#114).  For the

reasons that follow, the Court awards costs to Defendant in the

amount of **$11,142.46.**


<u>BACKGROUND</u>

    On August 29, 2006, Plaintiff brought an action against

Defendant in the Superior Court of New Jersey seeking

compensatory and punitive damages on the ground that Zometa

caused her to develop Osteonecrosis of the Jaw (ONJ).  Plaintiff

brought claims for (1) defective design, (2) failure to warn,

(3) breach of implied warranty, and (4) negligence, all in

violation of N.J.S.A. 2A:58C-1, *et seq*.  Plaintiff also brought a

claim for violation of the New Jersey Consumer Fraud Act (NJCFA),

N.J.S.A. 56:8-1, *et seq*., and a claim for punitive damages under

the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9 and

N.J.S.A. 2A:58C-1, *et seq*.


2 - OPINION AND ORDER

On October 13, 2006, Defendant removed the matter to the United States District Court for the District of New Jersey on the basis of federal-question jurisdiction.

At some point the Judicial Panel on Multidistrict Litigation (MDL) transferred the action under 28 U.S.C. § 1407 to the United States District Court for the Middle District of Tennessee.

Following discovery and briefing of dispositive motions in the MDL court, the MDL panel remanded the matter to the District of New Jersey.

In April 2012 the District of New Jersey transferred the matter to this Court.

On June 27, 2012, Defendant filed a Motion for Summary Judgment on the grounds that "[u]nder the statute of limitations operative in Oregon at the time of plaintiff's injury, Oregon Revised Statute § 30.905, plaintiff's product liability suit was untimely.  Even under the amended version of Oregon Revised Statute § 30.905, effective January 1, 2004, her suit was untimely."

On October 22, 2012, Magistrate Judge Hubel issued Findings and Recommendation in which he recommended the Court deny Defendant's Motion for Summary Judgment.  Defendant filed timely Objections.

On December 18, 2012, this Court issued an Order adopting the Findings and Recommendation and denying Defendant's Motion

for Summary Judgment.

On April 30, 2013, Plaintiff filed an Amended Complaint alleging claims for strict liability, negligence, and breach of warranty all in violation of Oregon law.

On June 26, 2013, Defendant filed a Motion for Summary Judgment on all of Plaintiff's claims on the ground that, among other things, they are untimely.

On September 10, 2013, the Court held oral argument on Defendant's Motion for Summary Judgment at which the Court granted Defendant's Motion for Summary Judgment.

On September 11, 2013, the Court entered a Judgment dismissing this matter with prejudice.

On September 25, 2013, Defendant filed a Bill of Costs.  The court took this matter under advisement on October 30, 2013.

## STANDARDS

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).  Accordingly, the Court applies federal law to the issue of awarding costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

4 - OPINION AND ORDER

A judge or clerk of any court of the United
States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any
part of the stenographic transcript necessarily
obtained for use in the case;
(3)Fees and disbursements for printing and
witnesses;
(4)Fees for exemplification and copies of papers
necessarily obtained for use in the case;
(5)Docket fees under section 1923 of this title;
(6)Compensation for court-appointed experts,
compensation of interpreters, and salaries,
fees, expenses, and costs of special
interpretation services under § 1828 of this
title.

A bill of costs shall be filed in the case and,
upon allowance, included in the judgment or
decree.

The court has broad discretion to allow or to disallow a

prevailing party to recoup costs of litigation.  The court,

however, may not tax costs beyond those authorized by § 1920.

*Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).


**DISCUSSION**

Defendant seeks costs of $11,142.46 comprised of filing

fees, court-reporter fees, witness fees, and copying costs.

Defendant supports its request with the Declaration of Gregory

Chernack and receipts for Defendant's requested costs.

Although Plaintiff does not object to any specific costs,

she contends the Court should not require her to pay Defendant's

costs because Plaintiff is 81 years old, a widow, a high-school

5 - OPINION AND ORDER

graduate, and has not worked since 2001.  Plaintiff asserts this is "compelling evidence that [Plaintiff] has limited financial resources."  Plaintiff also contends imposition of costs in this matter would have a chilling effect on other Aredia and Zometa litigants, this case was "close and difficult," and Plaintiff litigated in good faith.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The Court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs."  *Id.* at 593.  Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants.  *Id.* at 592.  The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

6 - OPINION AND ORDER

Defendant points out that Plaintiff has not produced any actual evidence of her financial resources or lack thereof.  It would be mere speculation for the Court to conclude that Plaintiff is unable to afford the costs in this matter without any evidence of Plaintiff's finances.  The Court agrees.

In addition to her plea of limited resources, Plaintiff asserts an award of costs in this matter would have a chilling effect on other Aredia and Zometa litigation around the country. The Court, however, notes this matter was dismissed on a relatively unusual basis arising from a change in Oregon law related to the time at which the statute-of-limitations period begins to run in personal-injury matters in conjunction with the unusual facts related to the timing of Plaintiff receiving bisphosphonates.  Accordingly, the Court concludes its ruling in this matter has little application to other Aredia and Zometa litigation, and, therefore, an award of costs in this matter would not have a particularly chilling effect on other litigation involving these drugs.

The Court does not suggest Plaintiff litigated this matter in anything other than good faith and acknowledges the legal issues here were unusual and relatively complicated. Nevertheless, Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, and Plaintiff has not overcome that presumption.  To the extent that Plaintiff wishes

to seek reconsideration of the issue on an expanded factual
record that demonstrates that Plaintiff's financial resources
are, in fact, so limited that the Court should decline to award
the costs at issue, Plaintiff has leave to seek such
reconsideration on a timely basis.

Accordingly, in the exercise of its discretion, the Court
awards Defendant its requested costs.

## CONCLUSION

For these reasons, the Court awards costs to Defendant in
this action in the amount of **$11,142.46**.

IT IS SO ORDERED.

DATED this 17th day of January, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


8 - OPINION AND ORDER